Mr. John R. Elrod, Attorney at Law 123 South Broadway, P.O. Drawer 460 Siloam Springs, Arkansas 72761
Dear Mr. Elrod:
This is in response to your request, on behalf of the Northwest Arkansas Regional Airport Authority, for my approval of the "Northwest Arkansas Regional Airport Authority Restated and Amended Agreement." You state that you have not found any express requirement in A.C.A. §§ 14-362-102 etseq. (the "Regional Airport Act") that the Attorney General approve this agreement, but are submitting it for my approval in an abundance of caution. You note that A.C.A. § 14-362-103(c) provides that the agreement shall specify the information required by A.C.A. § 25-20-104(c), which is a provision of the "Interlocal Cooperation Act." Agreements entered under that subchapter require my approval. You thus ask that I either approve the agreement pursuant to A.C.A. § 25-20-104(f) or give you my opinion that my approval of the agreement is not necessary under Arkansas law.
It is my conclusion that my approval of the "Northwest Arkansas Regional Airport Authority Restated and Amended Agreement" is not required by Arkansas law. As you have noted, the relevant subchapter is A.C.A. §§14-362-101 to -129 (1987 and Cum. Supp. 1993). Subsection (c) of §14-362-103 states that "[t]o the extent that it is consistent with this chapter, the agreement shall specify the information provided for in §25-20-104(c)." That statute requires an "interlocal agreement" to set forth its duration, the composition of any separate administrative entity created by the agreement, its purposes, the manner of financing, the methods to accomplish termination of the agreement, and any other necessary and proper matters. Thus, regional airport agreements, to the extent consistent with the subchapter governing them, must also contain this information. This same statute, however (A.C.A. § 25-20-104), requires these "interlocal agreements" to be approved by the Attorney General. See A.C.A. § 25-20-104(f). It is my conclusion, however, that the "Regional Airport Act" has not adopted this requirement of the "Interlocal Cooperation Act." The legislature, in the "Regional Airport Act" has plainly made reference to the "Interlocal Cooperation Act" and required certain information set out in that act to be included in regional airport agreements. Had the legislature intended to also required the approval of the Attorney General, it could have easily so stated in the "Regional Airport Act."
It is therefore my conclusion that my approval of this agreement is not required by law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh